IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

JAY ODOM
_____/

SEALED
INDICTMENT

3:12cr76-LAC

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

### INTRODUCTION

1. Defendant **JAY ODOM** was a Florida real estate developer who owned numerous companies.

2. Federal Candidate A was a candidate for the Office of President of the United States.

3. The authorized campaign committee of Federal Candidate A was the principle campaign committee formed to receive contributions and make expenditures for the nomination and election of Federal Candidate A.

4. The Federal Election Campaign Act of 1971, as amended, Title 2, United States Code, Sections 431 through 455 ("Election Act"), regulated financial activity intended to influence the election of candidates for federal office.

5. In order to limit the influence that any one person could have on the outcome of a federal election, the Election Act established limits on the amounts persons

Returned in open court pursuant to Rule 6(f)

November 13, 2012
Date

United States Magistrate Judge

could contribute to an individual candidate's political campaign committee.

6. To promote transparency and prevent persons from circumventing these limitations, the Election Act prohibited a person from making a contribution in the name of another person, including giving funds to a straw donor or conduit for the purpose of having the conduit pass the funds on to a federal candidate as his or her own contribution.

7. The Federal Election Commission (FEC) was an agency and department of the United States with jurisdiction to enforce the limits and prohibitions of the Election Act. In order to deter abuses and instill public confidence in the election process, the FEC was and is responsible for making available to the public specific information about the amounts and sources of political contributions to federal candidates and their political committees.

8. The Election Act required political committees, including the authorized campaign committee of Federal Candidate A, to file periodic reports of receipts and disbursements, identifying, among other things, each person who made a contribution to such committee during the relevant reporting period whose contribution or contributions had an aggregate amount or value in excess of $200 within the calendar year, together with the date and the amount of any such contribution. In preparing these reports, federal candidates and their campaign committees relied on the information provided by the donor, including the individual's name, address, and occupation. These periodic reports, which were made publicly available by the FEC, were intended to provide citizens with a

transparent record of all contributions to candidates for federal office.

9. In 2007 and 2008, the Election Act limited campaign contributions to a federal candidate to $2,300 for the 2008 primary election.

10. On December 28, 2007, **ODOM** and his wife each contributed $2,300, the maximum individual amount permitted by the Election Act, to the campaign of Federal Candidate A.

11. From in or about December 2007, defendant **ODOM**, aware of the strict limits on individual contributions, knowingly devised a scheme and plan whereby he used employees of his business entities and their family members, along with associates, among others, as conduits through which to funnel his own money to the authorized campaign committee of Federal Candidate A under the guise of lawful campaign contributions.

12. It was a part of the scheme and plan to make individual campaign contributions in excess of the limits established by the Election Act.

13. From in or about December 2007, defendant **ODOM** directly and indirectly solicited employees of his business entities and their family members, along with an associate and his employees and their family members, to make the maximum allowable contributions to the authorized campaign committee of Federal Candidate A, knowing that defendant **ODOM**'s money would be used to advance funds to or reimburse these individuals for their contributions.

14. Defendant **ODOM**'s funding of the contributions took several forms, including paying cash and issuing personal checks. Defendant **ODOM** also caused individuals to solicit and reimburse contributions from third parties, and defendant **ODOM**

3

then orchestrated the reimbursement of those individuals.

15. For the calendar year 2007, defendant **ODOM** directly or indirectly used personal funds to reimburse individual contributions to the authorized campaign committee of Federal Candidate A totaling approximately $23,000.

## COUNT ONE

The Grand Jury incorporates paragraphs 1 through 15 of the Introduction section of this Indictment as though fully set forth herein.

During calendar year 2007, in the Northern District of Florida and elsewhere, the defendant,

### JAY ODOM,

knowingly and willfully made and caused contributions of money, aggregating more than $10,000 during the 2007 calendar year, in the names of others, to the authorized campaign committee of Federal Candidate A, a candidate for the President of the United States.

In violation of Title 2, United States Code, Sections 441f and 437(g)(d)(1)(D) and Title 18, United States Code, Section 2.

A TRUE BILL:

_____
FOREPERSON

13 Nov 2012
DATE

ERIC HOLDER
Attorney General of the United States

ROBERT O. DAVIS
Acting United States Attorney
Under Authority Conferred by
28 U.S.C. § 515

RANDALL J. HENSEL
Assistant United States Attorney

JACK SMITH
Chief, Public Integrity Section

BRIAN K. KIDD
Trial Attorney

5