**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**JAY ODOM**

                                                        /

**CASE NO: 3:12cr76/LAC**

## ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect law enforcement, privacy, and information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d), and with the consent of the parties, ORDERED:

1.  The defendant shall not provide copies of any discovery material to any individual or entity (including, but not limited to, any third party witnesses or potential witnesses and any retained experts, investigators, consultants, or photocopying or data processing vendors assisting in the preparation, trial, and any appeal of this matter) except as provided in this Order, unless agreed upon by the parties or as further ordered by the Court.  Before providing discovery material to any individual or entity, the defendant must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.  Nothing in this order prohibits defense

counsel from interviewing witnesses who may be identified in the discovery material without advising the witness of the contents of this order, provided discovery material is not provided to the witness.

2. Discovery material provided by the United States may be utilized by the defendant solely in connection with the preparation, trial, sentencing (if any), direct appeal (if any), and collateral attack (if any) of this case and for no other purpose and in connection with no other proceeding. No additional copies of the discovery material shall be made except as necessary for those purposes. Any copies shall be treated in the same manner as the original material.

3. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identification information, including Federal Rule of Criminal Procedure 49.1; the Privacy Act of 1974, 5 U.S.C. § 552a; 42 U.S.C. § 1306; or other privacy protections. The parties shall not file personal identification information with, or submit such information to, the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

4. The parties shall also comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing of any discovery material or transcripts containing personally identifiable or sensitive information, including: (1) social security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. The parties shall also apply the requirements of Federal Rule of Criminal Procedure 49.1

when showing any discovery material containing personally identifiable or sensitive information to any third-party witnesses or potential witnesses.

5. The parties agree that the defendant shall be responsible for controlling all discovery material produced by the United States in this case. The defendant shall be responsible for assuring full compliance with this Order by the defendant and any individual or entity preparing and assisting in their defense.

6. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

7. Within 60 days from the conclusion of these proceedings (if any) and any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the government and any duplicates made in the preparation, trial, and direct appeal (if any) of this matter shall be returned to the government or destroyed by the defendant, unless the Court gives specific permission for an exception to this requirement.

8. This Order also applies to any and all individuals or entities to whom the defendant (to include any and all of their attorneys and agents), pursuant to this Order, shows or discloses the contents or substance of any material produced to him by the Government.

9. Nothing in this order applies to any documents, records, information, or material that was seized from the defendant's offices, or to which the defendant or his counsel otherwise has access independent of the discovery material provided by the government.

SO ORDERED this 30th day of January, 2013, in Pensacola, Florida.

s/ *L.A. Collier*
LACEY A. COLLIER
Senior United States District Judge