IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:12cr76-LAC

JAY ODOM
_____/

PLEA AGREEMENT

1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Jay Odom as the Defendant, James P. Judkins and Larry D. Simpson as attorneys for the Defendant, the United States Attorney for the Northern District of Florida, and the Public Integrity Section of the Criminal Division of the Department of Justice. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

2. TERMS

The parties agree to the following terms:

a. The Defendant will plead guilty to Count Two, 18 U.S.C. §§ 1001(a)(2) and 2, of the Indictment, and the government will move to dismiss Count One at sentencing. As to Count Two, the Defendant faces a maximum term of five (5) years imprisonment, three (3) years of supervised release, not more than a $250,000 fine, and a $100 special monetary assessment. Defendant agrees to pay the special monetary assessment on or before the date of sentencing.

If the Defendant is unable to pay the special assessment prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

1

FILED IN OPEN COURT THIS
2/12/13
CLERK, U.S. DISTRICT
COURT, NORTHERN DIST. FLA.

b.      That by voluntarily pleading guilty to the charge in the Indictment, the Defendant, as to the Count Two pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.      The Defendant is pleading guilty because the Defendant is in fact guilty of the charge alleged in Count Two of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charge beyond a reasonable doubt.

d.      Upon the District Court's adjudication of guilt of the Defendant for the charged crime, neither the United States Attorney, Northern District of Florida, nor the Public Integrity Section of the Criminal Division of the Department of Justice will file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. The Defendant agrees that substantial evidence exists to support the charge.

e.      Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.      The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

g.  Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense committed by the Defendant. The United States Attorney and the Criminal Division further reserve the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

### 3. SENTENCING

a.  Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.  The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c.  The parties reserve the right to appeal any sentence imposed.

### 4. CONCLUSION

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the United States Attorney's Office for the Northern District of Florida, and the Public Integrity Section.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

ERIC HOLDER
Attorney General of the United States

ROBERT O. DAVIS
Acting United States Attorney
Under Authority Conferred by
28 U.S.C. § 515

_____  2/12/13
RANDALL J. HENSEL                  Date
Assistant United States Attorney
Florida Bar No. 301604
Assistant United States Attorney
Northern District of Florida
22 E. Garden Street, Suite 400
Pensacola, Florida 32502

JACK SMITH
Chief, Public Integrity Section

_____  2/12/13
Brian K. Kidd                      Date
Trial Attorney
Public Integrity Section

_____  2/6/13
James P. Judkins                   Date
Attorney for Defendant

_____  2/6/13
Larry D. Simpson                   Date
Attorney for Defendant

_____  2/6/13
Jay Odom                           Date
Defendant

4

## Statement of Facts

In December 2007, Defendant Jay Odom and his wife each contributed $2,300, the maximum individual amount permitted by the Election Act, to the campaign of Federal Candidate A. Federal Candidate A was a candidate for the Office of President of the United States, and the authorized campaign committee of Federal Candidate A was the principle campaign committee formed to receive contributions and make expenditures for the nomination and election of Federal Candidate A.

Notwithstanding donating the maximum amount permitted by law, in or about December 2007, defendant Jay Odom directly and indirectly solicited employees of his business entities and their family members, along with an associate and his employees and their family members, to make the maximum allowable contributions to the authorized campaign committee of Federal Candidate A, knowing that defendant Jay Odom's money would be used to advance funds to or reimburse these individuals for their contributions and further knowing that this conduct was illegal. For the calendar year 2007, defendant Jay Odom directly or indirectly used personal funds to reimburse individual contributions to the authorized campaign committee of Federal Candidate A totaling $23,000.

It was a part of the scheme to make individual campaign contributions in excess of the limits established by the Election Act. It was a part of the scheme to knowingly conceal from the FEC and the public the true source and amount of the campaign contributions. It was a part of the scheme to knowingly deceive the Federal Election Commission (FEC) and the public into believing that certain individuals were contributing to the authorized campaign committee of Federal Candidate A when, in truth and in fact, defendant Jay Odom was the true donor. In perpetrating this scheme, defendant Jay Odom acted voluntarily and was aware that his conduct

1

was unlawful.

As a result of his scheme, defendant Jay Odom intentionally caused the authorized campaign committee of Federal Candidate A to file a January 31, 2008, report with the FEC that falsely stated that 10 conduits had made federal campaign contributions when in truth and in fact each contribution was made by defendant Jay Odom. The false statements made by the authorized campaign committee of Federal Candidate A were material.

Discovery was provided to defense counsel.