

**FEDERAL ELECTION COMMISSION**
WASHINGTON, D.C. 20463

**By Facsimile & First Class Mail**
Fax: (202) 457-6315
Benjamin Ginsberg, Esq.
Kwame J. Manley, Esq.
Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037-1350

AUG 2 0 2012

Re: MUR 6234
Arlen B. Cenac, Jr.
Cenac Towing

Dear Messrs. Ginsberg and Manley:

On August 15, 2012, the Federal Election Commission accepted the signed conciliation agreement you submitted on behalf of your clients, Arlen B. Cenac, Jr. and Cenac Towing Co., LLC, as successor-in-interest to Cenac Towing Co., Inc., in settlement of violations of 2 U.S.C. § 441a(a)(1)(A), 441a(a)(3), 441b, and 441f, provisions of the Federal Election Campaign Act of 1971, as amended. Accordingly, the file has been closed in this matter.

Documents related to the case will be placed on the public record within 30 days. *See* Statement of Policy Regarding Disclosure of Closed Enforcement and Related Files, 68 Fed. Reg. 70,426 (Dec. 18, 2003) and Statement of Policy Regarding Placing First General Counsel's Reports on the Public Record, 74 Fed. Reg. 66132 (Dec. 14, 2009). Information derived in connection with any conciliation attempt will not become public without the written consent of the respondents and the Commission. *See* 2 U.S.C. § 437g(a)(4)(B).

Enclosed you will find a copy of the fully executed conciliation agreement for your files. Please note that the civil penalty is due within 30 days of the conciliation agreement's effective date. If you have any questions, please contact me at (202) 694-1650.

Sincerely,

Marianne Abely
Attorney

Enclosure
Conciliation Agreement

12044321626

**EXHIBIT J**

BEFORE THE FEDERAL ELECTION COMMISSION

In the Matter of                                    )
                                                    )
Arlen B. Cenac, Jr. and                             )      MUR 6234
Cenac Towing Co., LLC,                              )
as successor-in-interest to Cenac Towing Co., Inc.  )

## CONCILIATION AGREEMENT

This matter was initiated by a signed, sworn, and notarized complaint. The Federal Election Commission ("Commission") found reason to believe that Respondent Arlen B. Cenac, Jr. knowingly and willfully violated 2 U.S.C. §§ 441a(a)(1)(A), 441a(a)(3), 441b, and 441f and also found that Respondent Cenac Towing Co., LLC, as successor-in-interest to Cenac Towing Co., Inc., knowingly and willfully violated 2 U.S.C. §§ 441b(a) and 441f.

NOW, THEREFORE, the Commission and Respondents, having participated in informal methods of conciliation, prior to a finding of probable cause to believe, do hereby agree as follows:

I. The Commission has jurisdiction over Respondents and the subject matter of this proceeding, and this agreement has the effect of an agreement entered pursuant to 2 U.S.C. § 437g(a)(4)(A)(i).

II. Respondents have had a reasonable opportunity to demonstrate that no action should be taken in this matter.

III. Respondents enter voluntarily into this agreement with the Commission.

IV. The pertinent facts in this matter are as follows:

1. During the relevant time period, Respondent Arlen B. Cenac, Jr. was the president and sole owner of Cenac Towing Co., Inc. ("Cenac Towing") and numerous other related companies

1   headquartered in Houma, Louisiana. During the relevant time period, Cenac Towing was
2   registered as a corporation in the State of Louisiana.
3       2. Friends of Mary Landrieu, Inc. ("Landrieu Committee") is a political committee
4   within the meaning of 2 U.S.C. § 431(4), and is the principal campaign committee of Senator
5   Mary Landrieu, who represents the State of Louisiana.
6       3. David Vitter for U.S. Senate ("Vitter Committee") is a political committee within the
7   meaning of 2 U.S.C. § 431(4), and is the principal campaign committee of Senator David Vitter,
8   who represents the State of Louisiana.

                    **Applicable Law**

10      4. The Federal Election Campaign Act of 1971, as amended ("the Act"), provides that no
11  person shall make contributions to a candidate for federal office or his or her authorized political
12  committee, which in the aggregate exceed $2,300 for the primary and general elections,
13  respectively. 2 U.S.C. § 441a(a)(1)(A) (2008 election cycle limit). Individuals are also subject
14  to a biennial limit of $42,700 to federal candidates. 2 U.S.C. § 441a(a)(3) (2008 election cycle
15  limit).
16      5. The Act further prohibits any person from making a contribution in the name of
17  another and from knowingly permitting his or her name to be used to effect such a contribution.
18  2 U.S.C. § 441f.
19      6. Commission regulations at 11 C.F.R. § 110.4(b)(2)(i) and (ii) provide examples of
20  making a contribution in the name of another that include (1) giving money or anything of value,
21  all or part of which was provided to the contributor by another person (the true contributor)
22  without disclosing the source of money or the thing of value to the recipient candidate or
23  committee at the time the contribution is made, or (2) making a contribution of money or

Arlen B. Cenac, Jr., *et al.*
MUR 6234
Conciliation Agreement
Page 3 of 6

1 anything of value and attributing as the source of the money or thing of value another person

2 when in fact the contributor is the source.

3     7. The Act prohibits corporations from making contributions from their general treasury

4 funds in connection with the election of any candidate for federal office. Further, it is unlawful

5 for a corporate officer to consent to a corporation making a federal contribution. 2 U.S.C.

6 § 441b(a).

7     8. Cenac is an experienced political contributor who, between 1987 and 2008, made no

8 fewer than 67 contributions exceeding $71,000 to 26 federal political committees.

9     **Arlen B. Cenac, Jr. and Cenac Towing's Contributions to the Vitter Committee**

10     9. In February 2008, Cenac, using a check drawn on an account held by Cenac Towing,

11 made contributions in the names of others to the Vitter Committee totaling $15,000.

12     10. On or about February 4, 2008, Cenac contacted Whitney National Bank ("Bank")

13 regarding the purchase of cashier's checks. On that same day, Cenac's secretary arrived at the

14 Bank with a $15,000 Cenac Towing check, dated January 31, 2008. Through his secretary,

15 Cenac directed the Bank to prepare six cashier's checks made payable to David Vitter for U.S.

16 Senate, and listed the names and addresses of the "remitters" and the specific amounts to appear

17 on each check. The listed "remitters" were: Mr. & Mrs. Berwick Duval ($2,500); Mr. & Mrs.

18 Arlen Cenac, Sr. ($2,500); Mr. & Mrs. Kurt Fakier ($2,500); Mr. & Mrs. Tim Solso ($2,500);

19 Mr. Arlen Cenac, Jr. & Guest ($2,500); and Mr. Chet Morrison & Guest ($2,500). The Bank

20 prepared the checks and, as directed by Cenac, returned the cashier's checks to the secretary.

21 Cenac caused the six cashier's checks to be delivered to the Vitter Committee on or about

22 February 16, 2008. The five men other than Cenac listed on these cashier's checks, are either

- Arlen B. Cenac, Jr., *et al.*
  MUR 6234
  Conciliation Agreement
  Page 4 of 6

1 business associates of, related to, or employed by Cenac. The women listed as remitters are

2 either related to Cenac or married to one of the men listed.

3 **<u>Arlen B. Cenac's Contributions to the Landrieu Committee</u>**

4     11. In April 2008, Cenac made contributions in the names of others to the Landrieu

5 Committee totaling $25,300. Cenac had already made a $2,300 contribution to the Landrieu

6 Committee on January 31, 2008.

7     12. On April 24, 2008, Cenac contacted the Bank regarding the purchase of cashier's

8 checks. On that same day, Cenac's secretary arrived at the Bank with a personal check in the

9 amount of $25,300. Through his secretary, Cenac directed the Bank to prepare six cashier's

10 checks made payable to Friends of Mary Landrieu, and listed the names and addresses of the

11 "remitters" and the specific amounts to appear on each check. The listed "remitters" were: Mr.

12 & Mrs. Roger Beaudean ($4,600); Mr. & Mrs. Travis Breaux ($4,600); Mr. & Mrs. Kurt Fakier

13 ($4,600); Mr. James Hagen III ($2,300); Mr. & Mrs. Andrew Soudelier ($4,600); and Mr. &

14 Mrs. Melvin Spinella ($4,600). The Bank prepared the checks and, as directed by Cenac,

15 returned the cashier's checks to the secretary. Cenac caused the six cashier's checks to be

16 delivered to the Landrieu Committee on or about May 24, 2008. All six men listed on these

17 cashier's checks were employed as managers in one of the following companies, which are

18 owned by or associated with Cenac: Cenac Towing; Cenac Offshore, LLC; CTCO Shipyard of

19 Louisiana; Southern Fabrication, LLC; Bayou Black Electric Supply, LLC; and Louisiana Paint

20 & Marine Supply Company. The women listed as remitters are the spouses, respectively, of the

21 men listed.

22     13. Roger Beaudean, Kurt Fakier, Andrew and Renee Soudelier, and Travis and Ena

23 Breaux signed and returned Contributor Information Forms to the Landrieu Committee falsely

Arlen B. Cenac, Jr., *et al.*
MUR 6234
Conciliation Agreement
Page 6 of 6

1 has been violated, it may institute a civil action for relief in the United States District Court for
2 the District of Columbia.

3     IX. This agreement shall become effective as of the date that all parties hereto have
4 executed same and the Commission has approved the entire agreement.

5     X. Respondents shall have no more than 30 days from the date this agreement becomes
6 effective to comply with and implement the requirements contained in this agreement and to so
7 notify the Commission.

8     XI. This Conciliation Agreement constitutes the entire agreement between the parties on
9 the matters raised herein, and no other statement, promise, or agreement, either written or oral,
10 made by either party or by agents of either party, that is not contained in this written agreement
11 shall be enforceable.

12 FOR THE COMMISSION:

13 Anthony Herman
14 General Counsel
15
16
17
18 BY: _____  8/20/12
19     Daniel A. Petalas                     Date
20     Associate General Counsel
21     for Enforcement

22 FOR THE RESPONDENTS:

23 _____  7/30/12
24 Name: Kwame J. Manley                 Date
25 Title: Partner, Patton Boggs LLP
26     Counsel for Respondents